IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven L. Hewitt, ) | C/A No.  0:13-1436-MGL-PJG |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Elizabeth Holcomb, *NP*, ) | |
| Defendant. ) | |

The plaintiff, Steven L. Hewitt ("Hewitt"), filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss.  (ECF No. 15.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Hewitt of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion.  (ECF No. 22.)  Hewitt filed a response in opposition.  (ECF No. 26.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be terminated as moot to the extent it seeks to dismiss any state law claim of negligence and denied with regard to Hewitt's constitutional claim.

## BACKGROUND

This *pro se* plaintiff, who alleges a "long history of chronic back pain," claims that his back was reinjured in a fall on March 29, 2013.  (ECF No. 1 at 2.)  Plaintiff has been to "sickcall" five times since the incident due to pain and requested a wheelchair on April, 18, 2013.  (Id. at 3.) Plaintiff currently uses a walker to travel the prison yard but alleges that this causes extreme pain.

(Id. at 3-4.) Plaintiff claims that defendant Holcomb denied the request for a wheelchair, and has refused to provide adequate medical care or allow Plaintiff to see a neurologist. (Id.)

## DISCUSSION

**A.     Motion to Dismiss Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The court observes that it is required to liberally construe *pro se* complaints. Id. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings



to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.    Defendant's Motion**

The defendant has moved to dismiss Hewitt's Complaint on the ground that Hewitt has failed to comply with South Carolina statutes essentially requiring a plaintiff who is asserting a claim of medical malpractice to file medical expert witness affidavits with the summons and complaint. (<u>See generally</u> Def.'s Mem. Supp. Mot. Dismiss at 2-6, ECF No. 15-2 at 2-6.) However, in this court's order authorizing service of process of Hewitt's Complaint, the court specifically stated, "Having reviewed the Complaint in accordance with the applicable law, the court construes the Complaint as purporting to assert violation by the defendant of Plaintiff's Eighth Amendment rights under 42 U.S.C. § 1983. No other claims are being construed by the court as having been raised by the plaintiff in this action." (Order at 1, ECF No. 10 at 1.) Hewitt subsequently lent further support to the court's construction of the Complaint in this regard when he stated in his opposition memorandum that "he is not seeking relief for medical malpractice" (Pl.'s Mem. Opp'n Def.'s Mot. Dismiss at 7, ECF No. 26 at 7), and devoted his memorandum to the constitutional standard for deliberate indifference to a serious medical need. Thus, because no state law medical malpractice claim is asserted, the defendant's motion to dismiss it is moot.

Although the defendant argues in passing that allegations of negligence are insufficient to state a constitutional claim, the court finds that Hewitt has presented sufficient factual allegations



to state a plausible Eighth Amendment claim for deliberate indifference to a serious medical need. (See, e.g., Compl. ¶¶ 10, 12-13, 15-17, ECF No. 1 at 3-4.) Accordingly, to the extent the defendant seeks to dismiss Hewitt's § 1983 claim under Rule 12(b)(6) for failure to state a claim, the motion should be denied.

## RECOMMENDATION

Accordingly, the court recommends that the defendant's motion to dismiss be terminated in part as moot and denied to the extent it seeks dismissal under Rule 12(b)(6) of Hewitt's § 1983 claim.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 14, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).