IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven L. Hewitt,                      )<br>                                                  )<br>                    Plaintiff,         )<br>                                                  )<br>v.                                              )<br>                                                  )<br>Elizabeth Holcomb, *NP*,          )<br>                                                  )<br>                    Defendant.      )<br>_____ ) | C/A No. 0:13-1436-BHH-PJG<br><br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Steven L. Hewitt ("Hewitt"), a state prisoner who initiated this matter *pro se* but is now represented by counsel, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion for summary judgment. (ECF No. 55.) Hewitt filed a response in opposition (ECF No. 65), and the defendant replied (ECF No. 68). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted.

**DISCUSSION**

The defendant argues that Hewitt's claims should be dismissed on the basis that Hewitt has failed to exhaust his administrative remedies. In response to the defendant's motion, Hewitt states that he filed a Step 2 grievance with regard to his claims on May 10, 2013 and that, as of the date his response was filed, he had not received a response from the South Carolina Department of Corrections ("SCDC"). It is therefore clear, even accepting Hewitt's representations, that Hewitt failed to fully and properly exhaust his administrative remedies *before* filing his Complaint in this

matter on May 24, 2013,[1] which was a mere fourteen days after filing his Step 2 grievance.  See, e.g., Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (collecting cases and recognizing "the holdings of many of our sister circuits that permitting exhaustion *pendente lite* undermines the objectives of section 1997e(a) and that the language of section 1997e(a) clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement, thus requiring an outright dismissal of such actions rather than issuing continuances so that exhaustion may occur") (emphasis in original).  Accordingly, the defendant is entitled to dismissal without prejudice based on Hewitt's failure to exhaust properly his available administrative remedies pursuant to 42 U.S.C. § 1997e(a) before commencing this lawsuit.

## RECOMMENDATION

Accordingly, the court recommends that the defendant's motion be granted.  (ECF No. 55.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 3, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).